**STATE ex rel. DAY**

v.

**MERIWETHER, Judge.**

No. 28873.

St. Louis Court of Appeals.

Missouri.

June 15, 1954.

Carstarphen & Harvey and Harry Carstarphen, Hannibal, for relator.

Harry J. Mitchell, Palmyra, Fuller, Ely & Hibbard, Hannibal, for respondent.

HOUSER, Commissioner.

This is an original proceeding in prohibition wherein relator, Roy Day, defendant in the case of Lovegreen v. Day, now pending in the Hannibal Court of Common Pleas before respondent, Honorable Roy B. Meriwether, Judge of the 10th Judicial Circuit, seeks to have respondent prohibited from entering judgment in conformity with a directed verdict for Lovegreen on relator's counterclaim which, at the trial of the case, respondent gave to the jury at the close of all of the evidence, but which the jury failed to follow.

Relator not having denied the averments of the return, but having filed a motion for judgment on the pleadings, we take as true the undenied facts well pleaded in the petition and return, State ex rel. Drainage Dist. No. 8 of Pemiscot County v. Duncan, 334 Mo. 733, 68 S.W.2d 679, from which we learn the following: Lovegreen sued Day for personal injuries and property damage arising out of a collision between two automobiles, one of which was driven by Day and the other of which was driven by Lovegreen. Lovegreen in his petition sought to recover damages from Day on account of the latter's negligence in several respects. Day by his answer to the petition denied the charges of negligence leveled at him, and alleged several respects in which Lovegreen was guilty of contributory negligence. Day also filed a counterclaim in

which he sought to recover damages from Lovegreen on account of the latter's negligence in the self-same respects in which Lovegreen had charged Day. Before Lovegreen filed suit his liability insurance carrier, without Lovegreen's knowledge, consent or acquiescence, paid Day $500 and took a release of all of Day's claims against Lovegreen, the release specifically stating that "payment is not to be construed as an admission of liability" on the part of Lovegreen, "by whom liability is expressly denied." Lovegreen's insurance contract provided that the insurance company had the right to settle any claim without his acquiescence or consent and without notice to him. Lovegreen filed a "reply" to the counterclaim, setting up the release as a bar to the maintenance of the counterclaim, and reasserting Day's negligence in the respects set forth in Lovegreen's petition. Day did not file any responsive pleading seeking to avoid the effect of the release, or to impeach it in any way. The cause went to trial before a jury. At the close of all the evidence Lovegreen moved for a directed verdict on Day's counterclaim. His motion was sustained and the court gave an instruction directing the jury to find a verdict for Lovegreen and against Day on Day's counterclaim. Lovegreen's cause of action on his petition was then submitted to the jury under other instructions of the court, and the jury retired to deliberate. The jury was unable to agree on a verdict and a mistrial was declared by the court. The jury did not act on the instruction directing it to return a verdict for Lovegreen and against Day on Day's counterclaim. The following entry appears of record: June 4, 1953. "Trial resumed, concluded, instructions read to the jury, arguments made, jury retires to deliberate on the verdict, jury after being out for two hours returns into open court and reports that they are unable to agree on a verdict. Jury is finally discharged and cause is to be set for trial." On June 6 Lovegreen filed a motion for judgment in accordance with his motion for a directed verdict upon the counterclaim. The court indicated that the motion would be sustained, but the ruling was postponed when counsel for Day asked for additional time. Later an amended answer and an amended counterclaim alleging mistake and fraud in the procurement of the release was filed. Thereafter the trial judge indicated that he would strike the amended counterclaim and enter an interlocutory judgment for Lovegreen upon the original counterclaim, whereupon Day instituted the present proceedings in prohibition.

We have determined that in entering the contemplated judgment respondent would be acting in excess of his jurisdiction, in view of the state of the record.

■ This case involves a "defensive" counterclaim. The proof of plaintiff's claims under his petition would disprove the defense of Day and disprove his counterclaim. Contrariwise, the proof of Day's claims under his counterclaim would disprove plaintiff's claims. The petition and counterclaim are intermingled, inseparable, and "inextricably bound up and interwoven" in such a manner that they must be tried together and cannot be tried piecemeal. Any attempt to separate them and settle the issues on the counterclaim by a directed verdict in one trial, and submit the issues on the petition to a different jury at a subsequent trial would be to invite inconsistent verdicts, require the impossible in the admission and exclusion of evidence, set the stage for different evidence on amended pleadings, and inevitably result in injustice. See Vogelgesang v. Waelder, Mo.App., 238 S.W.2d 849, and cases cited. In the case of claim and defensive counterclaim, both based upon negligence and both arising out of the same automobile collision, the declaration of a mistrial on any issue of negligence remaining after a previously directed verdict on other issues of negligence effects a mistrial as to all issues of negligence in the case, and operates to set aside the ruling on the motion for a directed verdict. To enter judgment now in accordance with the court's direction to the jury, in the wake of the declaration of a mistrial, would be to act in excess of the jurisdiction of the court, and in contravention of the orderly processes of law.

We are not saying that a situation cannot arise where the court with propriety may direct a verdict on a counterclaim and then submit the issues on the petition and answer to the jury, if that trial is thereupon completed by the return of a jury verdict on the petition which is consistent with the directed verdict. Nor does this ruling mean that the trial judge cannot direct a verdict on a separable issue disconnected from the principal issue of negligence. If, for instance, at the close of the evidence there stands an unimpeached release by which one party has released his cause of action against the other, the court properly could direct a verdict against the party against whom the release is pleaded, and at the same time submit to the jury the negligence issue remaining in the case. In such case, however, proper practice would require that movant make known to the court his ground for a directed verdict, Oganaso v. Mellow, 356 Mo. 228, 201 S.W.2d 365, and that the court record recite that the verdict is directed on a separable issue disconnected from the issues of negligence, stating the reason therefor, thereby clearly defining the limits of the ruling and avoiding a general adjudication.

 We have not overlooked the fact that in the instant case a release was pleaded and that there was no pleading in avoidance of the release. And we have noted the suggestions in respondent's brief that the action of the trial court was based upon the fact that at the close of the evidence the release remained unimpeached. The difficulty lies in the fact that these facts do not appear in the record before us. The motion for a directed verdict and the instruction directing the verdict for Lovegreen on Day's counterclaim were both general. There was no effort to limit the scope of the trial court's ruling to the effect of the release on Day's counterclaim. Respondent in his return alleges that he sustained the motion for a directed verdict for the reason that "under the pleadings, the law and the evidence theretofore adduced in said cause the defendant Roy Day was not entitled as a matter of law and under *any view of the evidence* to recover judgment against the plaintiff Elmer D. Lovegreen upon the cause of action and counterclaim of said Roy Day." (Italics ours.) So far as the record discloses, therefore, respondent was directing the verdict upon all issues of negligence which were or could have been litigated on the counterclaim, and was not undertaking to rule on the limited issue of the effect of the release.

The preliminary rule should be made absolute.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the Court.

It is, accordingly, ordered that the preliminary rule be made absolute.

ANDERSON, P. J., and BENNICK, J., and HOLMAN, Special Judge, concur.